Lillie EVANS, Administratrix of the Estate of William W. Evans, Deceased,

v.

ORE NAVIGATION CORPORATION, a body corporate, Successor to Ore Steamship Corp., a body corporate.

Civ. No. 7984.

United States District Court
D. Maryland, Civil Division.

June 6, 1955.

Hyman B. Rubenstein and August J. Brozik, Baltimore, Md., for plaintiff.

George W. P. Whip and Lord, Whip & Coughlan, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Defendant has moved to dismiss this Jones Act, 46 U.S.C.A. § 688, suit because the complaint fails to state a claim against defendant upon which relief can be granted.

The complaint alleges that on December 22, 1952, "and previously thereto", plaintiff's decedent, William W. Evans, was employed by defendant as "a boatswain of its Steamship, 'Santore' "; that on said date the Santore sailed from the port of Baltimore for Cruz Grande, Chile; that "soon after getting under way (Evans) was found unconscious lying on the deck * * *. Shortly thereafter (Evans) was removed * * * to the hospital at Sparrows Point, Maryland, where he was pronounced dead on arrival. The cause of death established by autopsy performed was injuries sustained as the result of a fall resulting in a fracture and dislocation of the cervical vertebrae. (Evans) had for some time prior to his death been suffering from a heart condition and had been under treatment for same; that this condition was known to the Chief Officer of the said ship; that the members of the crew are required to undergo a physical examination prior to shipping out; that no waiver of any physical disability was executed by the deceased; that the autopsy performed on the deceased also disclosed that (Evans) had suffered a myocardial fibrosis and coronary occlusion; that the defendant, negligently, with knowledge of the physical condition of (Evans), signed on (Evans) as a member of the crew of the Steamship, 'Santore', to perform the hazardous duties of a seaman, resulting in the death of (Evans)."

Rule 8, F.R.Civ.P., 28 U.S.C.A., provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". This complaint fails to show that plaintiff is entitled to any relief. It alleges that Evans died of a broken neck, sustained as the result of a fall, but it does not allege what caused the fall. It alleges that Evans had for some time prior to his death been suffering from and under treatment for a heart condition, but it does not allege what that condition was. It may be inferred that it was the myocardial fibrosis shown by the autopsy, for coronary occlusion is an event, not a disease; but it is not alleged that the myocardial fibrosis, the formation of some fibrous tissue in the heart muscle, had reached a serious stage. It is not clear whether plaintiff is claiming (a) that a "required" physical examination was not given, or (b) that it was given, and that it charges defendant with knowledge of the heart condition. Defendant was under no legal duty to require seamen to take a physical examination before embarking. Potter Title & Trust Co. v. Ohio Barge Line, 3 Cir., 184 F.2d 432. And even if a physical examination had shown some heart condition, it would be an unwise and unkind rule of law which would relegate to the shore every seaman with any kind of heart trouble, however slight.

It is alleged that "defendant, negligently, with knowledge of the physical condition of" Evans, signed him on as a member of the crew, "to perform the hazardous duties of a seaman, resulting in (his) death". But there is no allega-

tion that Evans had so serious a heart condition that he should not have been employed as a boatswain; nor that he was assigned any duties which were too arduous for a man in his condition, whatever it was; nor that any duty he had performed or was performing on the ship had anything to do with the fall which caused his death. Cf. Pierro v. Carnegie-Illinois Steel Corp., 3 Cir., 186 F.2d 75.

The motion to dismiss must be and is hereby granted; but since plaintiff may be able to allege her claim more clearly, leave is granted to amend the complaint within twenty days.